## Richmond.                    .            .

### SEARS' EX'OR v. MARSHALL.

#### MAY 12th, 1887.

APPELLATE COURT—*Former decree—Court below—Homestead—Case at bar.*—Decree on former appeal remanding cause to circuit court with direction to assign to appellant (then) as his homestead the proceeds of certain property embraced in a deed that has been annulled as fraudulent, concludes with the words "unless he appears not entitled to the same on other grounds"; and the circuit court disregarded the new objections presented by the creditor (the then appellee) to such assignment, did make the assignment—

HELD:

> There is no error in the order of the circuit court. The intention of those words not being to open up the matter at large to new objections.

Appeal from decree of circuit court of Elizabeth City county, rendered twenty-second December, 1885, in a chancery suit in the name of Sears' Executor against Marshall. This is sequel to the cause of *Marshall* v. *Sears' Ex'or and als.*, 79 Va. 49. Upon the return of this cause the circuit court, in obedience to the decree of this court, assigned the proceeds of the property embraced in the annulled deed to Marshall. A bill was presented to review and reverse the decree by Sears' executor, which was dismissed at the costs of the complainants therein, and from the decree dismissing the same this appeal was obtained. Opinion states the case.

*John B. Donovan,* for appellant.

*Jos. Christian* and *H. R. Pollard,* for appellee.

HINTON, J., delivered the opinion of the court.

The decrees appealed from in this case must be affirmed. On the former appeal this court decided that the then appellant, the present appellee, William J. Marshall, was not estopped to assert his claim of homestead in the property embraced in certain fraudulent bills of sale, in which he was the fraudulent grantor, and which had been set aside. And the cause was remanded "with instructions to assign to the appellant the said sum of one thousand and thirty-five dollars, the proceeds of the sales of the sloops "Right Bower" and "Uncle Jeff," and so much of the proceeds of the sloop "Ann Cooley" as may be sufficient, with the amount heretofore claimed by the appellant, to make his homestead exemption of two thousand dollars, unless it appears that he is not entitled to the same upon other grounds." The effect of this decision is palpably to hold that Marshall was entitled to a homestead exemption in the proceeds of the sales of these vessels, unless it could be seen by the lower court that he was not entitled to the same upon some ground which had not been brought to the attention of this court. In other words, the sole question debated in this court being the right of a fraudulent grantor to have assigned him a homestead exemption out of property embraced in the fraudulent conveyance, this court decided that question in favor of the appellant, but out of abundance of caution, and lest there might be some ground in the record not brought to the court's attention, added the words "unless it appears that he is not entitled upon some other ground." But it was never intended to set the whole matter at large and to allow Sears' executor to set up new grounds of objec-

tion to giving him a homestead, which might have been preferred at the former hearing, but were not. If, however, the construction given to these words by Sears' executor was the right one, we are of opinion that it appears from the affidavit of the Hon. John Neely that ample opportunity was afforded the counsel for Sears' executor for resisting the entering of the decree granted by the circuit court of Elizabeth City, and that his failure to do so was the result of his having misconstrued something that was "spoken or written to him" by "Mr. Tabb," and not from lack of time.

.Our conclusion is that the decrees appealed from must be affirmed.

DECREES AFFIRMED.